485 P.2d 587

Opal L. SOLOMON, Petitioner,
v.
The INDUSTRIAL COMMISSION of Arizona, Respondent,
Talley Industries, Inc., Respondent Employer,
State Compensation Fund, Respondent Carrier.

No. 1 CA–IC 507.

Court of Appeals of Arizona, Division 1, Department A.
June 10, 1971.

Skousen, McLaws & Skousen, by Richard E. Skousen, Mesa, for petitioner.

William C. Wahl, Jr., Chief Counsel, Phoenix, The Industrial Commission of Arizona, for respondent.

Robert K. Park, Chief Counsel, State Compensation Fund, by Arthur B. Parsons, Phoenix, for respondent Carrier.

STEVENS, Presiding Judge.

The petitioner, Opal L. Solomon, was exposed to an irritant in the course of her employment. This culminated in a rash which became evident on or about 20 October 1966. She filed a claim with The Industrial Commission of Arizona in mid-January 1967. On 6 March 1967 the Commission entered an award. Finding No. 1 thereof is as follows:

"That the above named applicant suffered an occupational disease, contact dermatitis, arising out of and in the course of her employment."

The award provided:

"Award is hereby made payable to said applicant by the above named defendant insurance carrier as follows:

"1. Medical benefits and/or compensation as provided by The Arizona Occupational Disease Disability Law."

This award became final.

On 2 October 1967 the Commission entered an award finding therein:

"That applicant is entitled to medical benefits, not to exceed the sum of $500.00 all of which has been expended."

The award portion thereof provided:

"Award is hereby made payable to the above named applicant by the above named defendant insurance carrier as follows:

"1. Medical benefits, not to exceed the sum of $500.00, all of which has been expended.

"IT IS ORDERED that applicant take nothing further by reason of her claim herein."

The petitioner filed a petition for hearing reciting that the petition was directed to the 6 March 1967 award. Evidently the Commission treated the petition as being directed to the 2 October 1967 award. A two-phase hearing was held on 9 July 1968 and on 24 January 1969. The hearing officer rendered his report on 28 April 1969. This claim is governed by the law as it existed prior to 1 January 1969 and all references to the Arizona Revised Statutes relate to those statutes as they existed prior to 1 January 1969.

We have reviewed the record and it is our opinion that the evidence supports the hearing officer's report from which we quote in part:

### "ULTIMATE FINDINGS AND CONCLUSIONS

"1. Applicant was not, and is not, totally disabled by reason of the contact dermatitis which she contracted by reason of her work.

"2. Applicant has expended $500.00 in medical bills, the maximum allowable under the Occupational Disease Disability Law.

\* \* \* \* \* \*

"BASIS FOR CONCLUSIONS AND RECOMMENDATION

"It should be noted that compensation is payable under the Occupational Disease Disability Law only if the employee is unable to perform any kind of work. (See A.R.S. 23–1101(5) and A.R.S. 23–1241(3) ).

"The only physician who thought that the applicant was totally disabled was Dr. Marion E. Kintner. He first saw the applicant in May of 1968 and based his diagnosis entirely on the patient's history as she related it to him. It should be noted, however, that Dr. Hinger, who had been applicant's attending physician, felt that by October of 1967 'this was no longer an industrial case.' * * *.

"Finally, it appears that the Legislature, by reason of A.R.S. 23–1242, intended to exclude any other condition, and pay compensation only to that portion of the disability caused solely by the occupational disease.

"Even if Dr. Kintner's opinion was accepted, it seems clear that there is no disability in the instant case caused solely by the occupational disease; but rather, the cause would then be a psycho-physiological musculoskeletal reaction, which does not appear to be covered under the Occupational Disease Disability Law."

The award of the Commission now under consideration is in conformity with the report of the hearing officer.

■ The statutory provisions as to the right to receive medical care and compensation for an industrially related occupational disease are much more restrictive than are the rights of an injured workman under the Workmen's Compensation Act. Petitioner urges that The Industrial Commission should have and that this Court should now apply the more liberal case law

which is found in connection with causal relationships arising out of an industrial accident. The statutes do not permit the enlarged application.

The award is affirmed.

CASE and DONOFRIO, JJ., concur.